MAY TERM, 1910. 299

Fort Wayne, etc., Traction Co. *v.* Kendlesparker—46 Ind. App. 299.

## FORT WAYNE AND WABASH VALLEY TRACTION COMPANY *v.* KENDLESPARKER.

### [No. 6,792. Filed June 30, 1910.]

1. RAILROADS. — *Interurban.* — *Sale.* — *Merger.* — *Corporations.* — —*Statutes.*—A transfer of the property of an interurban railroad company to another under §§5652-5654 Burns 1908, Acts 1903 p. 330, authorizing any incorporated street railroad company, by a vote of a majority in value of all the shares of stock of such company, to sell, lease, or otherwise transfer its property to another company authorized to acquire it by purchase, lease, or otherwise, constitutes a sale of the property and not a merger of the corporations. p. 300.

2. RAILROADS.—*Interurban.*—*Sale of Property.*—*Effect.*—The sale of its property by an interurban railroad company does not affect its corporate existence nor prevent the bringing of an action against it for damages caused by it prior to such sale. p. 301.

3. RAILROADS.—*Interurban.*—*Purchase of Property of Another.*— *Liability.*—An interurban railroad company purchasing the property of another company becomes liable, though not personally, to the extent of the value of the property purchased, for the debts of the selling company. p. 302.

4. MASTER AND SERVANT.—*Negligence of Vendor Interurban Company.*—*Action against Puchasing Company.*—*Procedure.*—Where a servant' of an interurban railroad company is injured by the negligence of such company, and such company afterward sells its property to another company, such servant should bring his action against both companies and take a personal judgment against the selling company and also secure an order, against the purchasing company, for the sale of so much of the property purchased as will be required to satisfy the judgment. p. 302.

From Wabash Circuit Court; *Samuel E. Cook,* Special Judge.

Action by Walter A. Kendlesparker against the Fort Wayne and Wabash Valley Traction Company. From a judgment on a verdict for plaintiff for $1,500, defendant appeals. *Reversed.*

*Sayre & Hunter* and *Barrett & Morris,* for appellant.
*John W. R. Milliner,* for appellee.

HADLEY, J.—Appellee sued appellant, together with the Wabash-Logansport Traction Company and Wabash River Traction Company. No service was had on the last two defendants, and they made no appearance. The cause was tried and judgment was rendered against appellant in favor of appellee. The material facts shown by the record, and about which there appears to be no dispute, are as follows: Prior to March 1, 1904, the Wabash-Logansport Traction Company and the Wabash River Traction Company owned and operated a traction line through Wabash, Miami and Cass counties; that on said date said companies sold and transferred to appellant said traction line, together with its equipment, right of way, franchise and all property of whatever description; that on April 12, 1903, appellee was an employe of the Wabash River Traction Company; that on said day, while performing his duties as track greaser, he became unconscious and fell beside said track, with his arm extending over one of the rails; that while in this position and condition a car owned and operated by the Wabash River Traction Company ran upon him and injured him. Sufficient facts are shown clearly to warrant the jury in finding that the injury was the result of the negligence of the employes operating said car. This latter, however, is not conceded by appellant, and it earnestly insists that these facts do not warrant a personal judgment against it for said injuries.

It is apparent from the record that the cause was tried and the judgment entered upon the theory that the sale of their property by the Wabash River Traction Company and the Wabash-Logansport Traction Company to appellant was a merger, and that appellant was the surviving company of said merger, and therefore was subject to the liabilities of said former companies. If said transfer was a merger, the position of appellee might be tenable; but as we view the transaction, it was in no sense a merger. It is conceded by both appellee and appellant that the transfer was made under authority of the act of the General As-

MAY TERM, 1910. 301

Fort Wayne, etc., Traction Co. *v.* Kendlesparker—46 Ind. App. 299.

sembly, concerning street railroad companies, approved March 9, 1903 (Acts 1903 p. 330, §§5652-5654 Burns 1908).

By this act any incorporated street railroad company owning, operating or possessing a franchise to own and operate a street railroad, may sell, lease or otherwise transfer its property, franchise and assets of every description and wheresoever situated, or any portion thereof to any company authorized to acquire it by purchase, lease or otherwise, upon authorization by a vote of a majority in value of all the shares of said company.

Section three of said act (§5654, *supra*), provides: ''All rights of creditors and liabilities for damages and all liens or incumbrances upon the property or franchise sold or transferred pursuant hereto shall continue unimpaired, and may be enforced as against such property or franchises as if said sale or transfer had not been made.'' It will be observed that this statute provides only for the sale of the property of a corporation, and in no manner provides for a merger of two or more companies. The merger or consolidation of street railroad companies is authorized by an act ·of the General Assembly of 1899 (Acts 1899 p. 378, §§5468i-5468o Burns 1901). A comparison of these two acts readily discloses the difference between a merger of two companies and the sale of the property of one to another. As a further evidence that the act under consideration was not intended as authorizing mergers, the General Assembly of 1903 (Acts 1903 p. 181, §5690 Burns 1908), passed another act amending section six of the act of 1899, *supra,* authorizing mergers.

The sale of all the property of the Wabash River Traction Company and the Wabash-Logansport Traction Company did not in any way affect the corporate existence of said companies. Each still existed, and was fully empowered immediately to begin the construction or operation of any line of railway in conformity with its chartered rights. Each might sue or be sued as if it had not sold its property. On the other hand, appellant, by purchas-

302     APPELLATE COURT OF INDIANA,

Fort Wayne, etc., Traction Co. *v.* Kendlesparker—46 Ind. App. 299.

ing the property of said two companies, did not assume and agree to pay the liabilities of the selling companies, there being no such assumption in the contract of sale. It did, however, take the property of said companies subject to all such liabilities. It stood in all respects as the purchaser of real estate who takes it subject to a mortgage thereon, but does not assume and agree to pay the debt. The property may be taken to pay the debt, but a personal judgment against the holder cannot be obtained.

The proper proceeding in this case would be to plead and prove such facts as show a liability for the injury, as against the party or parties causing it. If said offending corporation has ceased to exist, the facts showing corporate existence at the time of the injury, and all other matters connected therewith, together with a showing of the nonexistence of said corporation at the time of suit, should be averred. And also such facts should be pleaded as are necessary to show that the rights, franchises and property now owned or controlled by appellant were liable to satisfy the judgment rendered for such injury, with a prayer for judgment for such injury, and that said rights, franchises or property of any other character whatsoever, owned by the tort-feasor at the time of the injury, and that had been transferred to appellant thereafter, be subjected to the satisfaction of said judgment.

This is a somewhat unusual proceeding, but the simplest one that suggests itself to us as a proper and efficient administration of the statute in question. As we view the case, the rules governing the liability of the survivor of merged corporations do not apply to this case, since the Wabash-Logansport Traction Company and the Wabash River Traction Company were in no sense merged into appellant company.

It appears from the record that the injury to appellee was caused by wantonness; but, however grievous the fault, it was one for which appellant was in noway personally responsible;

but under the statute the property it received from the offending company is liable to satisfy a claim therefor. It is not necessary, as contended by appellant, that appellee shall procure a judgment against the offending company in another action before attempting to subject said property to the satisfaction thereof. The suit may be prosecuted against the company committing the injury and against the company holding the property that is liable to be subjected to the payment thereof in one action and along the lines hereinbefore set out. The question upon which we determine this case is presented in various ways, and we have considered it as one question and without specific designation. This question is fundamental to the action, and renders discussion of other questions unnecessary. Under the rules before laid down, neither paragraph of the complaint stated a good cause of action against appellant, and the demurrers thereto should have been sustained.

Judgment reversed, with instructions to grant a new trial, with leave to appellee to amend his complaint, and for further proceedings not inconsistent with this opinion.